517 So.2d 461 (1987)
STATE of Louisiana
v.
Craig R. WHITE.
No. 87 KA 0573.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
Bryan Bush, Dist. Atty., Office of the Dist. Atty., Baton Rouge, by Richard Sherburne, Asst. Dist. Atty., for plaintiff/appellee.
J. Arthur Smith, III, Baton Rouge, for defendant/appellant.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
Craig R. White was charged by bill of information with simple burglary, a violation of LSA-R.S. 14:62. Defendant pled guilty pursuant to an agreement with the state, whereby he also agreed to stipulate to the provisions of a habitual offender bill. The state, with the concurrence of the trial court, agreed that a sentence of eight years would be imposed. A habitual offender petition was filed, and after defendant was adjudicated a multiple offender, the trial court imposed a sentence of eight years. Defendant appealed, urging four assignments of error, as follows:
1. The conviction is invalid because defendant was not adequately advised of his constitutional privilege against self-incrimination.

*462 2. The habitual offender adjudication is invalid because defendant was not advised of his right to remain silent.
3. The habitual offender adjudication is invalid because defendant was not advised that he could not be compelled to acknowledge the predicate offense.
4. The sentence imposed pursuant to the habitual offender adjudication is invalid because defendant was not adequately advised of his constitutional rights.

FACTS
Defendant is a twenty-seven-year-old male who graduated from high school and completed one year of college. According to the statement provided by the assistant district attorney during the Boykin examination, defendant was arrested at the scene of a burglary as he attempted to escape from a police officer who had been called to investigate a disturbance at the store where the burglary occurred. Defendant was one of several persons apprehended at the site; others apparently escaped at that time. Defendant later gave a statement in which he claimed that he did not know the names of the other individuals involved, but admitted that he had been paid $100.00 to serve as a lookout for the burglary.

ASSIGNMENT OF ERROR NUMBER ONE
By his first assignment of error, defendant submits that his guilty plea to simple burglary should be vacated because he was not adequately advised of the constitutional rights he was waiving by entering a guilty plea. Defendant admits that he was advised that he had a right to plead not guilty and was further advised that, if he were to be tried for the offense, he could not be forced to testify against himself. Defendant contends, however, that the trial court should have told him that he had the right to stand mute and refuse to enter a plea because, by entering the plea, he was incriminating himself.
A guilty plea will not be considered valid unless the plea was a free and voluntary choice on the part of the defendant. Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the decision to plead guilty will not be considered to be free and voluntary unless, at the very least, the defendant was advised of his constitutional rights to remain silent, to a trial by jury, and to confront his accusers. State v. Nuccio, 454 So.2d 93 (La. 1984). There must also be an express and knowing waiver of those rights, State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971); and the waiver must be on the record, which must unequivocally show that the waiver was free and voluntary. State v. Halsell, 403 So.2d 688 (La.1981).
Defendant argues that a distinction must be drawn between the right against self-incrimination as a witness at trial and the right against self-incrimination when pleading guilty to a crime or to a prior conviction. We note, however, that such a distinction is not at issue herein because defendant was fully advised of both facets of his privilege against self-incrimination. In this context, it is ludicrous to argue that a person accused of a crime has a constitutional right to stand mute and refuse to enter a plea on the grounds of self-incrimination.[1]
The transcript of the Boykin examination reflects that defendant was specifically advised that he could enter a plea of not guilty and, if he chose to do so, he was constitutionally guaranteed certain rights, which would be waived by entering a guilty plea. Among the rights enumerated by the trial court were the right to a trial by jury, the right to refuse to testify at such trial by jury, and the right to have no inference of guilt drawn from such failure to testify.
Defendant was also presented a written form detailing his right to enter a plea of not guilty and the constitutional rights waived by a plea of guilty. The fact that a guilty plea would result in the imposition of *463 a sentence as though defendant had stood trial and been convicted was specifically set forth. The sentencing agreement and defendant's agreement to stipulate to the provisions of the habitual offender bill were also contained within the form. The petition to enter the plea was signed by both defendant and his attorney, and defendant certified that he was entering the plea because he was, in fact, guilty as charged. The written agreement was introduced into the record.
Before the trial judge accepted defendant's plea, he expressed reservations about defendant's reluctance to accept a sentence of eight years. Noting that the length of the sentence was an integral part of the agreement, the trial judge recessed the proceedings to permit defendant to confer privately with his attorney. After the recess, the trial judge again asked defendant whether he wished to plead guilty and again expressed concern that defendant be comfortable with his decision to enter the plea. In response to defendant's request, the trial judge permitted defendant to discuss the matter with the assistant district attorney, and, thereafter, again directed defendant to decide whether he wished to enter the guilty plea. Defendant advised the court that he chose to plead guilty. The court then accepted the plea.
We find, therefore, that the record reflects that defendant was fully aware that he could not be forced to enter a guilty plea and that his decision to do so was voluntarily made. The record also clearly reflects that defendant was aware that he could elect to plead not guilty and be tried before a jury and, during this trial, he could not be forced to testify. Although it is not necessary for this determination, we note that defendant was aware that a guilty plea carried the same force and effect as a conviction by a jury. We believe that defendant was fully advised of his privilege against self-incrimination to the extent required by Boykin v. Alabama, supra, and State ex rel Jackson v. Henderson, supra, before the court accepted the guilty plea as knowingly and intelligently made. Moreover, we reject defendant's argument that the Constitution requires that an accused be advised that he has a right to stand mute and refuse to enter a plea of any nature. Defendant's privilege against self-incrimination is amply protected by his right to enter a plea of not guilty, a right that was thoroughly explored on the record herein before the trial court accepted the plea. This assignment of error has no merit.

ASSIGNMENTS OF ERROR TWO AND THREE
By these assignments of error, defendant submits that the adjudication of his status as a habitual offender must be set aside because the trial court did not adequately advise him of his rights with regard to the enhancement proceeding. In assignment of error number two, defendant claims that the adjudication is invalid because he was not advised of his right to remain silent at that hearing. By assignment of error number three, defendant submits that the adjudication is defective because the trial court did not caution him that he could not be compelled to acknowledge a predicate conviction.
LSA-R.S. 15:529.1 (D) provides in pertinent part as follows:
[T]he court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, *464 the court shall sentence him to the punishment prescribed in this Section.
In State v. Johnson, 432 So.2d 815 (La. 1983), the Louisiana Supreme Court found that this section implicitly provides that the defendant should be advised by the court of his statutory right to remain silent.
The record before us clearly indicates that the defendant was well aware of his rights and the consequences which would follow from his admission of the allegations of the habitual offender pleading. As previously noted, defendant is a high school graduate with one year of college education. Moreover, the transcript of the Boykin examination, as well as the transcript of the sentencing hearing, reveal that the defendant received the benefit of a plea bargain in which he expressly agreed to stipulate to the allegations of the enhancement proceeding, thereby actively negotiating to waive the very rights of which he now claims he was unaware.
Nevertheless, the record does not reflect that defendant was specifically advised that he had a right to remain silent and refuse to acknowledge the truth of the allegations contained in the enhancement charge. Therefore, the adjudication must be set aside, and the matter must be remanded for another hearing on the habitual offender petition. See State v. Jones, 504 So.2d 920 (La.App. 1st Cir.1987). We note, however, that if defendant does not stipulate to the provisions, as he previously agreed to do, the entire plea bargain will fall; and, upon conviction or a subsequent guilty plea, the sentencing discretion of the trial court will be unfettered. See State v. Boudreaux, 402 So.2d 629 (La.1981); State v. Lewis, 482 So.2d 659 (La.App. 1st Cir. 1985), writ denied, 487 So.2d 437 (La.1986).

ASSIGNMENT OF ERROR NUMBER FOUR
By this assignment of error, defendant submits that the sentence based upon the multiple offender provisions of LSA-R.S. 15:529.1 is invalid because he was not properly advised of his constitutional rights at the time he entered a guilty plea to the predicate offense. Specifically, he contends the court did not fully advise him of his privilege against self-incrimination.
We have previously found that the adjudication of defendant as a habitual offender must be vacated because of the trial court's failure to advise defendant of his statutory right to remain silent during the enhancement proceedings. Therefore, the sentence based on this adjudication is invalid. Since another enhancement proceeding is necessary, we will not address defendant's claim that the state did not establish the validity of the predicate offense.

CONCLUSION
Defendant's guilty plea to simple burglary is affirmed. However, for the reasons assigned, the defendant's adjudication as a multiple offender and sentence are vacated. The case is remanded to the trial court for a further hearing on the multiple offender bill and for resentencing consistent with the views expressed herein.
GUILTY PLEA AFFIRMED; SENTENCE AND HABITUAL OFFENDER ADJUDICATION VACATED AND REMANDED.
NOTES
[1] Although LSA-C.Cr.P. art. 554 provides for the trial court to enter a plea of not guilty on behalf of a defendant when he refuses to enter a plea, we do not think a defendant has the constitutional right to refuse to enter a plea.