550 So.2d 300 (1989)
STATE of Louisiana, Appellee,
v.
Clyde D. RICHARD, Appellant.
No. 20887-KA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1989.
Rehearing Denied October 26, 1989.
*301 Hunter, Scott, Blue, Johnson & Ross by Robert C. Johnson, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., James A. Norris, Jr., Dist. Atty., Earl Cox, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, FRED W. JONES, Jr., and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
After a jury trial, the defendant Richard was found guilty, as charged, of armed robbery (R.S. 14:64) and sentenced to prison for 33 years without benefit of parole, probation or suspension of sentence. He appealed, reserving seven assignments of error.
Factual Context
On March 23, 1988, Janice Woodard was employed at Charter Food Store on Winnsboro Road in Monroe, working the 2:00 p.m. to 10:00 p.m. shift. At approximately 6:50 p.m., a black male came into the store and asked Woodard if he could use the restroom. At this time, a car drove up to the gas pump. The black male went into the restroom. The customer at the gas pump came into the store, paid for her gas and left.
After the customer drove away, the black male approached the cash register, acting as if he were looking for something to purchase. The black male turned around and pointed a small black revolver at Woodard and told Woodard that he had placed a bomb in the back of the store. The black male cocked the revolver and told Woodard he would "blow her head off" if she did not give him the money out of the cash register. Woodard gave the black male the cash that was in the register and he ran out of the store. Woodard called the police.
She described the robber to the police as a 6 foot to 6 foot, 2 inch, 150-170 pound bright-skinned black male wearing a white thermal undershirt, brown khaki pants and a white baseball cap. At trial, a State witness testified that defendant owned few clothes and described defendant's wearing apparel in a manner that was similar to *302 Woodard's testimony regarding the clothing of the robber.
Several days after the robbery, Woodard identified defendant out of a photographic line-up as the perpetrator of the offense. Defendant was ultimately located in Cleveland, Ohio, and brought back to Monroe to face this charge.
It was shown that on the day of the robbery, defendant was assisting someone in working for Sparks Used Cars doing body work and painting. Sparks Used Cars was located on the corner of Winnsboro Road and South Fourth Street. The Charter Food Store was located on the corner of Winnsboro Road and South Sixth Street. One defense witness testified that he took defendant, on the night of the robbery, about 10 blocks away from the scene of the crime and dropped him off shortly before 7:00 p.m. The defendant denied any involvement in the robbery.
The jury rejected defendant's alibi testimony and found him guilty of armed robbery.
Assignment of Error No. 1
By this assignment of error defendant asserts that the evidence was insufficient to convict. Specifically, he argues that the evidence was insufficient to establish that he was the perpetrator of the offense.
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. La.R.S. 14:64.
The constitutional standard of review for the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If the appellate court finds that no rational trier-of-fact, given all the evidence from a rational pro-prosecution standpoint could have found defendant guilty beyond a reasonable doubt, the conviction cannot stand constitutionally. State v. Mussall, 523 So.2d 1305 (La. 1988).
This case essentially involved a credibility assessment by the trier-of-fact. Janice Woodard identified the defendant as the perpetrator of the offense and testified that he had been in the store on two previous occasions within 5 days of the offense. Woodard additionally testified regarding the taking of money from a cash register in her immediate control, and the use of a dangerous weapon, i.e., a loaded pistol. Additionally, Woodard testified that the gun was pointed at her and cocked when defendant told her to give him the money or he would "blow her head off", establishing the force or intimidation element of armed robbery.
The testimony of Woodard regarding the clothing worn by the perpetrator of the offense was to some extent corroborated by Angela Johnson. Johnson testified that defendant wore clothing that was similar to that worn by the perpetrator of the instant offense.
Defendant left the jurisdiction of Louisiana without the permission of his probation officer two days after the robbery and was working within a block of the robbery on the day in question.
A defense witness, Roosevelt Ballard, testified that defendant was with him at the approximate time of the robbery and that he took defendant about 10 blocks away a short time before 7:00 p.m.
Another defense witness, Virgil Sparks, testified that defendant had on the same type of clothing on the day of the robbery as the clothing described as being worn by the robbery suspect in a newspaper article about the robbery. This witness also testified that defendant was working for him on the day of the robbery and that he would not be in a position to know if defendant had left his business premises for 20 to 30 minutes.
Defendant also testified and denied any involvement in the robbery. The State attempted to rebut some of defendant's testimony by showing that defendant went to a pawn shop at a later period of time than his testimony indicated.
*303 Defendant asserts that the State did not present the weapon and other physical evidence linking defendant to the robbery. However, this evidence is not essential, provided that the State's witnesses can otherwise establish, by their observations at the crime scene, all elements of the offense charged beyond a reasonable doubt, including the fact that an alleged armed robber did have and make use of a dangerous weapon. See State v. Rash, 444 So.2d 1204 (La.1984); State v. Brown, 497 So.2d 29 (La.App. 5th Cir.1986).
It is not the function of an appellate court to evaluate the credibility of the witnesses and to overturn the trier-of-fact on its factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La.1983). However, it is only the trier-of-fact's rational credibility calls which may be preserved by an appellate court in applying the Jackson standard. State v. Mussall, supra.
In the case at bar, a rational trier-of-fact could reject the alibi testimony of the defendant and accept the testimony of the eye witness to the robbery identifying defendant as the robber. Additionally, the State established all of the elements of the offense beyond a reasonable doubt. Therefore, this assignment of error has no merit.
Assignment of Error No. 2
By this assignment of error, defendant asserts that the trial court committed reversible error by allowing the State to cross-examine defendant concerning defendant's convictions of City ordinances or laws. The State argues that defendant, by his inaccurate and misleading answers to a question posed by defense counsel, "opened the door" for clarification. Alternatively, the State argues that the convictions in question were admissible under La.R.S. 15:495.
Opening the Door
The defendant elected to testify at the trial. The record reflects that the direct examination of defendant produced the following questions and answers:
Q. Okay, have you ever been convicted of a crime before?
A. Yes, I have.
Q. Tell the Jury?
A. I was convicted of simple possession of cocaine.
Q. Okay, how long ago was that?
A. 1986.
Q. 1986? And did you enter a plea of guilty of that particular offense?
A. Yes, I did.
Q. All right, have you been convicted of anything else before or after?
A. No, I haven't.
At the time of trial, La.R.S. 15:495 provided:
Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.
This allows impeachment of a defendant based on a prior conviction when he takes the stand. State v. Nelso, 433 So.2d 73 (La.1983).
In State v. Ramos, 390 So.2d 1262 (La. 1980), the Louisiana Supreme Court stated:
"The defendant in assignment number five complains of prejudice suffered due to the prosecutor's reference to his convictions for municipal offenses. The defendant admitted that he had been in municipal court `for tickets and being drunk.' The record does not indicate a contemporaneous objection by the defense, but defense counsel maintains that he did object and that the trial judge sustained the objection. It does not appear that the defendant has a valid complaint since the court ruled in his favor and no request for an admonition or mistrial was made. The trial judge was clearly correct in curbing the state's inquiry *304 into municipal offenses. A municipal offense is not a crime within the meaning of La.R.S. 15:495, which provides that `[e]vidence of conviction of crime' is admissible for impeachment of a witness's credibility under prescribed circumstances. Crime is defined in La.R.S. 14:7 as `that conduct which is defined as criminal in this Code, or in other acts of the legislature, or in the constitution of this state.' It was intended to exclude from the designation `crime' all offenses established by municipal ordinances. See Reporter's comment, L.S.A.R.S. 14:7. This assignment lacks merit."
See also State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.1984), writ denied, 449 So.2d 1347 (La.1984).
State v. Ramos, supra, indicates that the convictions for municipal ordinances or laws should not be used for impeachment. However, it appears that the State is not precluded from contradicting defendant's testimony given on direct examination upon an issue which the defendant has raised in the case. State v. Constantine, 364 So.2d 1011 (La.1978); State v. Cotten, 438 So.2d 1156 (La.1983), writ denied, 444 So.2d 606 (La.1984).
In State v. Cotten, supra, the court stated that because the defendant "opened up" the issue of his arrest record, evidence pertaining to such arrest was clearly admissible, in spite of the provisions of La. R.S. 15:495, on the question of defendant's credibility.
Assuming that the State could not initially question defendant regarding his convictions for municipal offenses, it appears that defense counsel "opened the door" for questions regarding defendant's municipal convictions. Initially, defense counsel asked defendant if he had been convicted of a crime, and defendant related that he had been convicted of possession of cocaine. Then, defense counsel asked defendant if he had been convicted of anything else before or after. The defendant responded that he had no other convictions. Even assuming that "crime" as used in La.R.S. 15:495 is limited to that conduct which is defined as a crime in the criminal code, or in the other acts of the legislature, or in the constitution of this state, the phrase "conviction of anything else" encompasses more than that activity which is defined as a crime for purposes of La.R.S. 14:7.
Therefore, the trial court did not commit reversible error in allowing the prosecutor to question defendant about his municipal conviction. If the trial court had ruled otherwise, defendant would have been allowed to project a misleading perception to the jury regarding his record, and defendant's erroneous testimony would have been uncontradicted.
Defendant has also asserted that if the door was "opened" the State's cross-examination went beyond the bounds of proper cross-examination and violated defendant's right to due process and a fair and impartial trial. However, the State's questions were limited to the facts of the prior convictions, and the scope of the questioning was limited. Therefore, defendant's rights were not violated. See State v. Connor, 403 So.2d 678 (La.1981). This assignment is without merit.
Assignment of Errors No. 3, 4 and 5
By these assignments of error, defendant asserts that he was improperly adjudicated an habitual offender and that certain exhibits were improperly admitted into evidence at the habitual offender proceedings.
A. Prematurity
On August 24, 1988, defendant was convicted by a jury of the offense of armed robbery. Defendant asserts that he could not be adjudicated an habitual offender, since the armed robbery conviction was not a final conviction.
In State v. Nolan, 503 So.2d 1186 (La. App. 3d Cir.1987), writ denied, 507 So.2d 226 (La.1987), the court considered a defendant's claim that the trial court erred in allowing the multiple offender statute to be taken up before the second conviction was final.
The court stated:
"`If, at any time, either after conviction or sentence, it shall appear that a *305 person convicted of a felony has previously been convicted of a felony ... the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction.' LSA-R.S. 15:529.1(D) (emphasis added)
`When a district attorney knows of a prior felony conviction, undoubtedly the better practice is for him to file the multiple-offender bill (after conviction of the latest crime) before imposition of the sentence which is to be enhanced.' State v. Bell, 324 So.2d 451, 453 (La.1975).
In the instant case, the multiple offender bill was taken up after conviction, before sentencing. This assignment of error has no merit."
For the reasons stated in State v. Nolan, supra, this portion of the defendant's argument on these assignments of error is meritless.
B. Validity of the Prior Felony Conviction
Defendant was convicted in 1986 of possession of cocaine. This conviction was the underlying offense forming the basis for the habitual offender adjudication. Defendant asserts that he was not informed of his right to remain silent at the Boykin examination itself. Defendant argues that as a result of the above-stated deficiency, the 1986 conviction cannot be used as a basis to adjudicate him as an habitual offender. Defendant relies on State v. Martin, 382 So.2d 933 (La.1980), overruled in part State v. Williams, 392 So.2d 448 (La. 1980).
A defendant must be informed that he waives his right against self-incrimination at trial by pleading guilty. State v. Age, 417 So.2d 1183, on rehearing (La. 1982).
A careful reading of State v. Martin, supra, reflects that the court was primarily concerned with the advisement during the Boykin exam of a defendant's right of self-incrimination at trial. The court did not, as defendant asserts, indicate that the defendant must be advised of his right to remain silent at the Boykin proceeding itself. In fact, the court in State v. Martin, supra, stated that the choice by defendant to admit or deny his guilt is not constitutionally essential to the plea itself.
In State v. White, 517 So.2d 461 (La.App. 1st Cir.1987), writ denied, 521 So.2d 1184 (La.1988), the court rejected a defendant's argument that the constitution requires an accused be advised that he has a right to stand mute and refuse to enter a plea of any nature at the Boykin examination.
The record from the 1986 conviction in the case at bar reflects that the trial court advised defendant that he had an absolute right to maintain his plea of not guilty and go to trial on the charges. The defendant stated that he understood this right. Then, the trial court continued and explained defendant's rights, including the right to self-incrimination at trial, as per Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record reflects that defendant's plea of guilty was knowingly and voluntarily made with a full understanding of the constitutional rights that he would be giving up. Thus, defendant was fully advised of his privilege of self-incrimination to the extent required by law. See State v. White, supra.
Therefore, this portion of the argument under these assignments of error is without merit.
C. Exhibits
Defendant also contends that exhibits were improperly admitted into evidence during the habitual offender proceedings.
The defendant asserts that there was a lack of a predicate for the admission of these exhibits since the proceedings were premature and he was improperly Boykinized during his plea of guilty. These assertions have been dealt with previously and these arguments are rejected.
No basis for the objection to the introduction of the exhibits was asserted other than those stated above at the trial court. Defendant's brief may be interpreted as objecting to the trial court's ruling that a proper foundation for the introduction *306 of the exhibits had been provided. However, an objection cannot be raised for the first time on appeal. State v. Gordy, 380 So.2d 1347 (La.1980); La.C.Cr.P. Art. 841.
In any event, the State introduced evidence in compliance with La.R.S. 15:529.1(F) and other competent evidence to establish a prima facie case of a prior felony conviction. The State provided expert fingerprint analysis of the fingerprints on the bills of information to prove the identity of defendant as the perpetrator of the armed robbery offense and the prior offense of possession of cocaine. The State also provided competent evidence, including testimony proving that the defendant was the perpetrator of these offenses. The above-described evidence was sufficient to adjudicate defendant an habitual offender. See State v. Evans, 506 So.2d 1283 (La.App. 2d Cir.1987).
Therefore, the foundation for the exhibits was properly established, and defendant was properly adjudicated an habitual offender.
Assignment of Errors No. 6 and 7
By these assignments of error, defendant argues that the trial court imposed an excessive sentence. These assignments of error are meritless.
Article 1, § 20 of the La. Constitution prohibits the imposition by law of excessive punishment. Although a sentence is within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to review. State v. Sepulvado, 367 So.2d 762 (La.1979). The record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. Article 894.1. The trial judge is not required to list every aggravating or mitigating circumstance as long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983). Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with La.C.Cr.P. Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements to be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981).
In sentencing defendant the trial judge had the benefit of a pre-sentence report. He noted that defendant's age was 32 and that defendant was divorced with no children. The court stated that defendant had a high school education and had attended college for two years. Defendant also had served in the armed forces for three years. The trial court noted that defendant's principal occupation was as an "auto body man," having received a certificate in auto body repair from a Vo-Tech school.
The trial court reviewed defendant's criminal record, which included minor traffic charges in 1980 and 1982. The trial court noted that defendant had entered a plea bargain in 1986 pleading guilty to a charge of possession of cocaine and receiving a 4 year sentence. The trial court also observed the defendant had been charged with a number of municipal offenses in 1987, including forgery, unauthorized use of a movable and theft. These offenses were combined, and defendant received a 6 month sentence.
The trial court concluded that defendant's conduct in committing the armed robbery threatened harm. The trial court noted that the instant offense was defendant's second felony offense. The trial court noted that defendant was on supervised probation at the time of the instant offense. Thus, the court concluded that defendant was likely to commit another crime in the future. The court also noted that defendant had left the jurisdiction of the court even though he had been on probation for his first felony offense. The trial court concluded that defendant was in need of correctional treatment which could best be provided by custodial environment. The court noted that defendant, as an habitual offender, could be sentenced to 198 years at hard labor and to a minimum sentence of 33 years at hard labor. The trial court noted that armed robbery is a serious offense and concluded that a lesser *307 sentence than the 33 year sentence at hard labor without benefit of parole, probation or suspension of sentence would deprecate the seriousness of the defendant's conduct.
Based on the foregoing, it appears that the trial court adequately considered and complied with La.C.Cr.P. Art. 894.1.
When La.C.Cr.P. Article 894.1 is complied with, a sentence should not be set aside as excessive in the absence of a clear abuse of the wide discretion accorded a trial judge in the imposition of sentences within statutory limits. State v. Square, 433 So.2d 104 (La.1983). A sentence violates La. Const.1974, Article 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonnano, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
Considering the seriousness of this offense and the fact that defendant faced a term of imprisonment of 198 years at hard labor, the 33 year sentence at hard labor, which is the minimum that may be imposed, is not constitutionally excessive.
Defendant asserts that the sentence is illegal and that he was improperly denied parole eligibility. He contends that La.R.S. 15:529.1(G) provides that the sentence imposed under the provisions of this section (La.R.S. 15:529.1) shall be without benefit of probation or suspension of sentence.
In State v. Bruins, 407 So.2d 685 (La. 1981), the court stated:
"LSA-R.S. 14:64 B provides that one convicted of armed robbery shall be sentenced without benefit of parole, probation or suspension of sentence. The habitual offender law does not specifically require these conditions. LSA-R.S. 15:529.1 subd. A(1), supra.
It is not a crime to be an habitual offender. The statute increases the sentence for a recidivist. The penalty increase is computed by reference to the sentencing provisions of the underlying offense. Similarly, the conditions imposed on the sentence are those called for in the reference statute.
One convicted of a second felony is ineligible for probation or suspension of sentence. LSA-C.Cr.P. Art. 893(A). An armed robber can be sentenced without benefit of parole under the habitual offender statute. State v. Overton, 337 So.2d 1201 (La.1976). State v. Wilson, 363 So.2d 445 (La.1978) involved an armed robber sentenced as an habitual offender. The opinion states that the `... sentence is without benefit of parole, probation, or suspension of sentence.' 363 So.2d at 447.
Bruins' sentence as an habitual offender based on an underlying conviction of armed robbery should be without parole, probation, or suspension of sentence."
La.R.S. 15:529.1(G) was added by Acts 1987, No. 774. The penalty increase provided by the habitual offender statute is still computed by referring to the underlying offense. Conditions may be imposed in addition to those provided for in La.R.S. 15:529.1(G), if those additional conditions are provided in the referenced statute. Although State v. Bruins, supra, was decided prior to the enactment of La.R.S. 15:529.1(G), State v. Bruins, supra, may be applied by analogy to this situation to provide that the ineligibility for parole, provided by La.R.S. 14:64, may be imposed upon this defendant. La.R.S. 15:529.1(G) simply limits the judge's discretion to suspend or probate a sentence imposed upon an habitual offender. These assignments lack merit.
Conclusion
For these reasons, defendant's conviction and sentence are AFFIRMED.

ON APPLICATION FOR REHEARING
Before MARVIN, FRED W. JONES, LINDSAY, HALL and SEXTON, JJ.
Rehearing denied.