Before PEATROSS, MOORE and LOLLEY, JJ.
 

 | Applicant Arthur Ray Robinson seeks supervisory review of the denial of his motion to correct an illegal sentence. His motion was based on his allegation that the habitual offender law did not permit him to be imprisoned “at hard labor.” Because the hard labor component of his sentence is not illegal, his application for review is denied.
 

 Robinson was convicted of two counts of second degree kidnapping. On the first count, the court sentenced Robinson to serve 15 years’ imprisonment at hard labor without benefit of parole, probation or suspension of sentence. On the second count, Robinson was sentenced as a fourth-felony habitual offender to serve life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. On appeal, this court reversed Robinson’s conviction and sentence on Count One but affirmed his conviction and life sentence on Count Two.
 
 State v. Robinson,
 
 34,383 (La.App. 2 Cir. 2/28/01) 780 So.2d 1213,
 
 writ denied,
 
 2001-1313 (La.3/28/02), 812 So.2d 642.
 

 | .¿On August 31, 2010, Robinson filed in the district court a motion to correct an illegal sentence. See La. C. Cr. P. art. 882. Robinson argued that the “at hard labor” condition of his life sentence under the habitual offender statute rendered his sentence illegal. In support of this argument, Robinson asserted that the provision which allows a sentence to be imposed at hard labor under the habitual offender statute was not enacted until 2010 by Act No. 69. He further argued that at the time he was sentenced, there was no such provision for a hard labor sentence. The district court denied Robinson’s motion, and he now seeks review of that ruling.
 

 Although the “at hard labor” language was added to La. R.S. 15:529.1(G) by Act 69 of 2010, the addition of that condition to the habitual offender law did not modify the sentencing provisions of any underlying felony offense. A sentence enhanced under the habitual offender statute is computed by referring to the underlying offense.
 
 State v. Richard,
 
 550 So.2d 300 (La.App. 2 Cir.1989). As this Court observed in
 
 Richard,
 
 the sentence conditions required by La. R.S. 15:529.1(G) are additions to, rather than replacements of, those conditions required by the sentencing provision for the underlying offense.
 

 Robinson’s underlying felony conviction was for second degree kidnapping, a violation of La. R.S. 14:44.1. The sentence provision of that statute specifies:
 

 C. Whoever commits the crime of second degree kidnapping shall be imprisoned
 
 at hard labor
 
 for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence.
 

 
 *1294
 
 (Emphasis added.)
 

 Because the crime for which the applicant was convicted required that his sentence be imposed at hard labor, that condition was a legal component of the applicant’s sentence as an habitual offender.
 
 State v. Richard, supra.
 
 Accordingly, we find no error in the trial court’s ruling denying the motion to correct an illegal sentence, and this writ hereby denied.