CLARENCE E. McMANUS, Judge.
 

 |2On October 27, 2000, the Jefferson Parish District Attorney filed a bill of information charging defendant, Ulysses H. Thomas, Jr., with two counts of distribution of marijuana (counts 1 and 2), in violation of LSA-R.S. 40:966 A, and ten counts of distribution of cocaine (counts 8 through 12), in violation of LSA-R.S. 40:967 A. At the December 19, 2008 arraignment, defendant pled not guilty. On December 16, 2009, defendant withdrew the not guilty pleas and pled guilty as charged. In accordance with the plea agreement, the trial court then sentenced defendant to imprisonment at hard labor for 15 years on each count, to run concurrently.
 

 Also, on December 16, 2009, the State filed a multiple offender bill of information
 
 *850
 
 alleging defendant was a second felony-offender as to count 8 only. | .¡After defendant admitted to the multiple bill, the trial judge vacated the original sentence on count 3 and resentenced defendant, as a second felony offender, to imprisonment at hard labor for 15 years without benefit of probation or suspension of sentence, to run concurrently with all the other sentences. Defendant thereafter filed a motion to reconsider sentence that was denied by the trial court on March 25, 2010. Defendant now appeals.
 

 ANDERS BRIEF
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La. App. 4 Cir.1990),
 
 [1]
 
 appointed appellant counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.
 
 [2]
 
 The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court appointed attorney to file a brief arguing
 
 *851
 
 the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 Defendant’s appellate counsel asserts that she has reviewed the entire record and has been unable to find any errors warranting review on appeal. In her brief, she noted that defendant pled guilty pursuant to a plea agreement, that he was sentenced in accordance with the plea agreement, and that he did not preserve any issues for review. As further noted, prior to accepting defendant’s guilty pleas, the trial court properly advised defendant of all of his rights, including his right to a Injury trial and confrontation, and his privilege against self-incrimination.
 
 [3]
 
 In addition, defendant signed a waiver of rights form which also showed that he was advised of his rights and waived his rights.
 

 With regard to the multiple offender admission, appellate counsel stated that defendant was properly advised of the applicable rights, including his right to a hearing and his right to remain silent. In addition, defendant signed a waiver of rights form which indicated that he was advised of his multiple offender rights and wished to waive them.
 

 Additionally, appellate counsel reviewed the sentencing proceedings and acknowledged that the sentences were imposed pursuant to a plea agreement with the State. In accordance with the agreement, the State agreed not to charge defendant as a fourth felony offender, instead charging him only as a second felony offender. Further, defendant was advised that, as part of the plea agreement, he would receive 15 years on all counts to run concurrently to each other, and that he would receive the minimum sentence of 15 years on the charge that was double billed. As pointed out by appellate counsel, under LSA-C.Cr.P. art. 881.2(A)(2) a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Consequently, appellate counsel concluded that the sentencing was not an issue that could be appealed.
 

 In her
 
 Anders
 
 brief, appellate counsel discussed the issue regarding credit for time served in Ohio that was brought up by defense counsel at the end of the sentencing proceedings. She explained that defense counsel had requested that defendant receive credit for three years that he served in prison in Ohio, but the trial court denied his request after listening to arguments of counsel. Appellate | (¡counsel noted that, as part of the plea agreement in which defendant received the minimum sentence on the multiple bill, defense counsel could not raise the issue regarding credit for time served in Ohio. Therefore, she concluded that this issue likewise had no merit.
 

 With regard to pre-trial motions, appellate counsel noted that while standard motions were filed, trial counsel subsequently waived all motions, so there were no pretrial hearings in the district court, and thus, no adverse rulings to challenge on appeal. In conclusion, appellate counsel asserted that she had diligently reviewed the record and found no issues to raise on appeal.
 

 We have conducted our own independent review and have thoroughly examined the minute entries, the pleadings, the guilty plea and sentencing proceedings, and the multiple offender proceedings. Our independent review supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
 

 Along with her brief, defendant’s appellate counsel has filed a motion to withdraw
 
 *852
 
 as attorney of record which states she has found no assignments of error to argue on behalf of defendant, and therefore, she requests permission to withdraw from this case. Additionally, this Court sent defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until April 6, 2011, to file a
 
 pro se
 
 supplemental brief. Defendant has filed a supplemental brief raising three assignments of error which will now be addressed.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER ONE
 

 In his first assigned error, defendant argues that the trial judge erred by sentencing him to 15 years at hard labor as a second felony offender when the multiple bill statute does not provide for a hard labor sentence.
 

 17At the time defendant committed the crimes in 2000 and at the time of sentencing in 2009, the multiple bill statute, LSA-R.S. 15:529.1, did not provide that the sentence was to be served at hard labor. However, in 2010, the Louisiana Legislature amended LSA-R.S. 15:529.1 G by Acts 2010, No. 69, § 1, to mandate that any sentence imposed under the multiple offender statute shall be at hard labor without benefit of probation or suspension of sentence. The change became effective June 10, 2010, after defendant committed the crimes and was sentenced.
 

 Regardless of this legislative change, the trial judge was still authorized to impose defendant’s multiple sentence at hard labor. In
 
 State v. Robinson,
 
 46,330 (La.App. 2 Cir. 2/18/11), 54 So.3d 1292, the second circuit found that although the “at hard labor” language was added to LSA-R.S. 15:529.1 G by Act 69 of 2010, the addition of that condition to the habitual offender law did not modify the sentencing provisions of the underlying felony offense. In
 
 Robinson,
 
 defendant argued that the “at hard labor” condition of his enhanced sentence rendered his sentence illegal. He further argued that at the time he was sentenced, there was no such provision for a hard labor sentence. The second circuit noted that defendant’s underlying felony conviction was for second degree kidnapping, which mandated that the sentence be served at hard labor. Therefore, the second circuit found that because the crime for which defendant was convicted required that his sentence be imposed at hard labor, that condition was a legal component of the defendant’s sentence as an multiple offender.
 

 In the instant case, defendant’s underlying felony conviction (count 3) was for distribution of cocaine, a violation of LSA-R.S. 40:967 A, which requires that the sentence be served at hard labor. Therefore, the trial judge did not err by ordering that defendant’s enhanced sentence be served at hard labor, since the underlying conviction required a hard labor sentence.
 

 |
 
 ¿PRO SE ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE
 

 In his
 
 pro se
 
 brief, defendant argues that his appellate and trial counsel provided ineffective assistance of counsel because they did not obtain documentation to support his claim that he should have received three years credit for time served while he was incarcerated in Ohio before he was brought to court in Jefferson Parish.
 

 A criminal defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution. To prove ineffective assistance of counsel, a defendant must show both that: (1) his attorney’s performance was deficient; and (2) the deficiency prejudiced him.
 
 Strickland v. Washington, 466
 
 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80
 
 *853
 
 L.Ed.2d 674 (1984);
 
 State v. Soler,
 
 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075,
 
 writs denied,
 
 94-0475 (La.4/4/94), 637 So.2d 450 and 94-1361 (La.11/4/94), 644 So.2d 1055. In
 
 State v. Washington,
 
 491 So.2d 1337, 1338-39 (La.1986), the Louisiana Supreme Court held that the two-part
 
 Strickland
 
 test applied to challenges to guilty pleas based on ineffective assistance of counsel. The “prejudice” requirement focuses on whether counsel’s constitutionally ineffective performance affected the outcome of the plea process. The defendant must prove that there is a reasonable probability that, but for counsel’s errors, he would not have pled guilty and would have insisted on going to trial.
 

 Generally, an ineffective assistance of counsel claim is best addressed through an application for post-conviction relief filed in the trial court where a full eviden-tiary hearing can be conducted. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by an assignment of error on appeal, it may be addressed in the interest of judicial economy.
 
 State v. Taylor,
 
 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595. In the instant case, the appellate record is sufficient to address defendant’s claims.
 

 After the trial judge accepted defendant’s guilty pleas and sentenced him, defense counsel brought up the issue regarding credit for time served in Ohio. Defense counsel advised the court that defendant’s crimes were committed in 2000 and that defendant was in the process of being prosecuted here when he was arrested in Ohio and sentenced to time in prison there. Once defendant completed his sentence in Ohio, he was transferred by lawful authorities back to Louisiana. Defense counsel then asked the trial judge to grant defendant credit for the three years served in Ohio, because at the time he was in Ohio, the instant charges were pending here and there were “holds” on defendant at that point to the best of defendant’s knowledge.
 

 The prosecutor objected, responding that this was a negotiated plea and that she and defense counsel had discussed this matter previously. The prosecutor said that she had agreed to drop the “quad” bill against defendant; that defendant was at large in this division; and that defendant was not arrested and held in Ohio on the instant charges. She explained that defendant was picked up and re-convicted on other drug charges in Ohio and that defendant served time in Ohio on those other charges. The prosecutor further commented that the State did not receive notice that defendant was in Ohio until right before they “writted” defendant back here. She argued that it was not appropriate for defendant to get credit for time served on charges relating to another conviction in another state.
 

 In response to questioning by the trial judge, defense counsel admitted that the trial judge had imposed the minimum sentence of 15 years imprisonment and that as a fourth felony offender, defendant was facing the potential of life 110imprisonment. The prosecutor said that that was part of the agreement she had with defense counsel, i.e., that there would not be an issue about credit for time served in Ohio.
 

 Defendant then advised the trial judge that the State had acknowledged that he was in prison in Ohio in 2005 when Harry Lee was still sheriff. In response to defendant’s comment, defense counsel indicated that he had checked the record thoroughly and that there was no evidence of the State being put on notice in 2005. Defense counsel admitted that the State could successfully block a motion to quash by defendant based on the State’s assertion it was put on notice shortly before
 
 *854
 
 defendant’s release last year. However, he said that if defendant was correct and the State had been given notice in 2005, then defendant would have a valid argument. With regard to this issue, defense counsel stated, “I think I’ve done due diligence the best I could, there’s nothing in the record, at this point, to reflect that Sheriff Lee’s office or the district attorney’s office was given notice as early as '05 or that the district attorney’s office was given notice.”
 

 After hearing arguments of counsel, the trial judge denied defense counsel’s request to give defendant credit for time served in Ohio. The trial judge said that the arrangement that “worked out” was probably the best possible arrangement that could have been worked out for defendant, and that defendant was receiving the minimum on the multiple bill.
 

 The guilty plea colloquy and the plea agreement show that defendant was advised as to what his sentences would be and that he agreed to the sentences as part of his plea bargain, even though it did not include three years credit for time served in Ohio. The prosecutor indicated at the sentencing hearing that part of the negotiated plea bargain was that the State would not file a multiple bill alleging defendant to be a fourth felony offender in exchange for defendant not raising an Inissue about three years credit for time served in Ohio. Further, there is no evidence in the record that the State was advised in 2005 that defendant was incarcerated in Ohio on other charges.
 

 Also, defendant received a substantial benefit by the plea agreement. The 15-year sentences on each of the 12 counts were ordered to run concurrently. Additionally, defendant was sentenced as a second felony offender to the minimum 15-year sentence, but he could have gotten a sentence of life imprisonment had the State filed a multiple bill alleging defendant to be a fourth felony offender. LSA-R.S. 15:529.1.
 

 In light of the foregoing, we find that even if counsel erred by not obtaining supporting documentation to prove he was entitled to credit for time served in Ohio, defendant has failed to show that there is a reasonable probability that, but for counsel’s errors, if any, he would not have pleaded guilty and would have insisted on going to trial. Accordingly, defendant’s allegations of ineffective assistance of trial and appellate counsel lack merit.
 

 ERROR PATENT REVIEW
 

 We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 Our review reveals that the trial court imposed illegally lenient sentences insofar as he did not order the first five years of the original sentences on counts 3 through 12 to be served without benefit of parole, probation, or suspension of sentence as was mandated by LSA-R.S. 11240:967 B(4)(b) at the time defendant committed the crimes in 2000. The trial judge also did not order the first five years of the enhanced sentence be served without benefit of parole, probation, or suspension of sentence as was mandated by the underlying statute, LSA-R.S. 40:967 B(4)(b), at the time defendant committed the crimes in 2000. Under
 
 State v. Williams,
 
 00-1725 (La.11/28/01), 800 So.2d 790, 799, and LSA-R.S. 15:301.1(A), the “without benefits” provision is self-activating, and therefore, no corrective action is required.
 
 State v. England,
 
 09-746 (La.App. 5 Cir. 3/9/10), 38 So.3d 383, 391.
 

 Defendant’s sentence is also illegally lenient insofar as the trial court did not
 
 *855
 
 impose a fine on counts 1 and 2 relative to his guilty pleas to distribution of marijuana. LSA-R.S. 40:966 B(2) requires a fine of not more than $50,000.
 

 Under LSA-C.Cr.P. art. 882, this Court has the authority to correct an illegal sentence despite the failure of either party to raise the issue. This Court’s authority is permissive rather than mandatory.
 
 State v. Quinones,
 
 03-907 (La.App. 5 Cir. 12/30/03), 864 So.2d 824, 830. In the past, we have declined to correct an illegally lenient sentence when defendant is sentenced pursuant to a guilty plea and defendant is indigent.
 
 State v. Grant,
 
 04-341 (La.App. 5 Cir. 10/26/04), 887 So.2d 596;
 
 State v. England,
 
 38 So.3d at 391. As such, we decline to correct the sentences in this matter.
 

 We also note a discrepancy between the commitment and transcript regarding the concurrent nature of the sentences. The transcript reflects that the trial court ordered the sentences on the original counts and the sentence on the multiple offender bill to run concurrently with “all other sentences”; however, the commitment indicates that the sentences were specifically ordered to run concurrently with the sentences imposed in case numbers 00-6573 and 00-6574. The transcript prevails when there is a discrepancy between the commitment and the transcript.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). Accordingly, we remand this matter to the district court with instructions to correct the commitment to conform to the transcript and to transmit the amended commitment to the liaofficer in charge of the institution to which defendant has been sentenced.
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 

 Accordingly, we affirm defendant’s convictions and sentences and remand this matter for correction of the commitment as discussed above. Further, because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot find any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we grant counsel’s motion to withdraw as attorney of record.
 

 AFFIRMED AND REMANDED; MOTION TO WITHDRAW GRANTED.
 

 [1]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton, 95-0981
 
 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [2]
 

 . The United States Supreme Court reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [3]
 

 .
 
 Boykin
 
 v.
 
 Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).