PER CURIAM.
| denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. In addition, relator’s sentencing claim is not cognizable on collateral review. See La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La.10/15/10), 45 So.3d 1030. We attach hereto and. make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated three applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and |2this denial is final. Hereafter, unless relator can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
| ATTACHMENT
*145 [[Image here]]
TWENTY FOURTH JUDICIAL DISTRICT COURT PARISH OF JEFFERSON STATE OF LOUISIANA
NO. 00-6195 DIVISION “B”
STATE OF LOUISIANA VERSUS ULYSSES THOMAS
[[Image here]]
ORDER.
This matter comes before the court on petitioner’s MOTION TO CORRECT. ILLEGAL AND/OR SET ASIDE INVALID SENTENCES. STAMPED AS KIT,ED FEBRUARY 18.2015.
Regardless of how phrased, the defendant, again challenges his multiple offender adjudication. 0⅛ Deoember 16, 2009, the petitioner entered h negotiated plea to two counts of LSA-R.S. 40:966A, distribution of marijuana, and ten counts of LSA*&S.4Q:967A, distribution of cocaine. The court sentenced.Mm'to IS years imprisonment on each count He pled guilty on count #3 to the multiple offender bill, and toe court re-sentenced him on tost count to 15 years imprisonment at bard labor as a multiple offender. All sentences were ordered to run concurrently with all other sentences. The Fifth Circuit Court of Appeal affirmed toe convictions and sentences, finding no non-fiivolous issues existed, and remanded for a correctora on toe commitment, State v. Thomas, 11-136 (La. App. 5 Cfr. 12/13/11), 81 So.3d 848.
The court denied the defendant’s recent “Motion to Correct'Illegal Sentence,” on January 5,2015. As before, toe defendant states, correctly, that an illegal sentence may be raised at any tone, LSA-C.CrJ?. art. 882. However, as before,.toe defendant does not point to a claimed illegal term in his sentence. Instead, he contesta tob habitual offender adjudication. This claim has been previously denied by this court. There is no illegality in petitioner’s sentence, as the term of sentence is within toe statutory parameters and was toe negotiated sentence. Hs'mbtion will be denied.
Accordingly,
IT IS ORDERED BY THE COURT that toe. petitioner’s motion he and is hereby DENIED.
[[Image here]]