CLARENCE E. MCMANUS, Judge.
 

 | ^Defendant, Mark A. England, was charged by bill of information with possession of over 28 grams of cocaine in violation of LSA-R.S. 40:967(F) (count one) and with possession with intent to distribute marijuana in violation of LSA-R.S. 40:966(A) (count two). After the denial of his motion to suppress statement and his motion to suppress evidence, he withdrew the not guilty pleas and pled guilty to possession of cocaine in excess of 28 grams and to possession with intent to distribute marijuana. Defendant was sentenced to 30 years imprisonment on each count, to run concurrent with each other and the sentence imposed in district court case number 04 — 4417.
 
 [1]
 

 Thereafter, defendant filed an Application for Post-conviction Relief (APCR), raising claims regarding a constitutional guilty plea and ineffective assistance of counsel regarding the guilty plea, which was denied by the district court. On application to this Court, we found that the APCR was filed prematurely because defendant had failed to exhaust his appellate rights. This Court remanded the matter for defendant to have the opportunity to have his appellate rights | ^reinstated. Pursuant to defendant’s second APCR, the
 
 *386
 
 district court granted defendant’s out-of-time appeal.
 

 FACTS
 

 Because defendant entered pleas of guilty to the charges without proceeding to trial, the facts of this case were taken from the bill of information. On May 5, 2004, defendant was in possession of over 28 grams of cocaine in violation of LSA-R.S. 40:967(F) and was also in possession of marijuana with the intent to distribute in violation of LSA-R.S. 40:966(A).
 

 LAW AND DISCUSSION
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990),
 
 [2]
 
 appointed appellate counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.
 
 [3]
 
 The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court |4“in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 438-39, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal
 
 *387
 
 point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal and could find no ruling of the trial court that would arguably support the appeal. Specifically, appellate counsel provides that there is no ruling of the trial court to challenge. 15She contends that because defendant pled guilty to the charge and did not enter the plea under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976), there can be no appellate review of the rulings on his motions to suppress the statement and the evidence.
 

 Appellate counsel further notes that the trial court performed a complete colloquy to assure the plea was made with all constitutional considerations. She points out that she considered whether to raise the issue of excessiveness of sentence, but concluded such a claim would be frivolous because the sentence could not be considered constitutionally excessive. She notes that the court’s colloquy and the plea form signed by defendant and his counsel indicate that defendant was informed of and considered the 30-year sentence. She contends that defendant faced 60 years for each count on a double multiple offender bill. Appellant counsel provides that with the plea agreement the State agreed not to file a multiple offender bill of information.
 

 Appellate counsel has filed a motion to withdraw as attorney of record that states she has notified defendant of the filing of this motion and has advised him of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until November 13, 2009, to file a pro se supplemental brief.
 

 The State filed a response to appellate counsel’s brief, noting that the brief shows a complete and thorough recitation of the procedural history of the case. The State contends that counsel has cast an advocate’s eye over the record and determined there were no significant non-frivolous issues upon which to base an appeal. The State requests that this Court affirm defendant’s conviction and sentence.
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
 

 |fiThe bill of information in this case properly charged defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly, concisely, and definitely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged.
 
 See
 
 generally LSA-C.Cr.P. arts. 464-66.
 

 It is noted that LSA-R.S. 40:967(F)(l)(a) provides for a violation for an offender who possesses “twenty-eight grams or more, but less than two hundred grams, of cocaine.” The bill of information simply reflects defendant was charged with possession of “Cocaine in excess of over 28 grams.” The time for testing the sufficiency of an indictment or bill of information is before trial by way of a motion to quash or an application for a bill of particulars.
 
 State v. Noil,
 
 01-521, p. 19 (La. App. 5 Cir. 12/26/01), 807 So.2d 295, 309,
 
 writ denied,
 
 02-0276 (La.10/25/02), 827 So.2d 1177. A post-verdict attack on the sufficiency of an indictment should be rejected unless the indictment failed to give fair notice of the offense charged or failed to set forth any identifiable offense.
 
 State v. Noil, supra.
 
 Defendant had proper notice of the offense in which he was charged, and the bill of information sets forth an identifiable offense.
 

 
 *388
 
 As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty pleas, and his sentencing. As such, defendant’s presence does not present any issue which would support an appeal.
 

 Further, defendant pled guilty as charged. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
 

 |7The record does reflect rulings on defendant’s motions to suppress statement and evidence. However, the denials of defendant’s motions to suppress statement and evidence were not preserved for appeal under the holding in
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the
 
 Boy-kin
 

 [4]
 

 ,
 
 colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.
 
 Id.
 
 In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly.
 
 State v. Dixon,
 
 449 So.2d 463, 464 (La. 1984).
 

 The record shows that defendant was aware he was pleading guilty to possession of over 28 grams of cocaine and possession with intent to distribute marijuana. He was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant was advised of these rights by means of the Waiver of Constitutional Rights Plea of Guilty form (waiver of rights form). In the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty. Defendant was also advised of these rights during the colloquy with the trial court. Defendant indicated during the colloquy that he understood that he was waiving these rights. The commitment also reflects defendant was advised of his
 
 Boykin
 
 rights.
 

 1 ^Defendant further indicated that he was satisfied with the representation of his attorney. He stated that he had not been forced, coerced, or threatened to enter his guilty pleas. He was also informed that by pleading guilty to these felony charges that his guilty pleas could be used to enhance a penalty for any future felony conviction should he be convicted of another felony in the future.
 

 Defendant was also advised that he faced a possible sentencing range of five to 30 years on each count. During the colloquy, he was also informed that the 5 to 30 years was to be served with the Department of Corrections.
 
 [5]
 
 Defendant was told that he would be sentenced to 30 years on
 
 *389
 
 each count to run concurrent with each other and the sentence imposed in district court case number 04^417. Defendant agreed that he understood the possible consequences of pleading guilty and wished to plead guilty.
 

 Further, defendant’s sentences do not present issues for appeal. Defendant’s sentences fall within the sentencing ranges prescribed by statute.
 
 See
 
 LSA-R.S. 40:967(F)(l)(a); LSA-R.S. 40:966(B)(3). As discussed
 
 infra,
 
 defendant’s sentences were illegally lenient.
 

 Also, defendant’s sentences were imposed pursuant to a plea agreement. Defendant knew what his sentences would be if he chose to plead guilty to the two drug charges. He was told he would receive 30 years on each count. Defendant received sentences in conformity with the agreement. LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.
 
 State v. Washington,
 
 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
 

 InWe find that the proceedings surrounding defendant’s pleas of guilty and his sentences do not present any non-frivolous issues to be raised on appeal. Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s conviction and sentence. We also grant appellate counsel’s motion to withdraw as attorney of record.
 

 ERROR PATENT DISCUSSION
 

 We have reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990), and note the following.
 

 The commitment reflects that the sentences would run concurrently with “any and all other sentences.” After reviewing the transcript, however, we find that the sentence was more specifically ordered to run concurrent with the sentence simultaneously imposed in district court case number 04-4417. The transcript prevails when there is a discrepancy between the commitment and the transcript.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983).
 

 Accordingly we remand this matter for correction of the commitment, and we direct the district court to make the entries in the minutes reflecting these changes and to transmit the original of the minute entry to the officer in charge of the institution to which the defendant has been sentenced.
 
 See
 
 LSA-C.Cr.P. art. 892(B)(2);
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 

 We also note that, while the commitment reflects that defendant was properly advised of the prescriptive period for filing post-conviction relief in accordance with LSA-C.Cr.P. art. 930.8, the waiver of rights form and the 110transcript reflect that defendant received an incomplete ad-visal. This Court has held that the failure to advise a defendant that the prescriptive period runs from the time his
 
 conviction and sentence
 
 become final is incomplete.
 
 State v. Grant,
 
 04-341, p. 5 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598 (emphasis as found in original). The transcript prevails when there is a discrepancy between the commitment and the transcript.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). Therefore, we correct this error and inform the defendant in this opinion that no
 
 *390
 
 application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of LSA-C.Cr.P. art. 914 or 922.
 
 State v. Hill,
 
 09-89 (La.App. 5 Cir. 5/26/09), 15 So.2d 1042.
 

 Next, the commitment reflects that defendant’s sentences were imposed at hard labor. However, when actually imposing the sentence the trial judge did not state that the sentence was to be served at hard labor. Defendant was sentenced pursuant to LSA-R.S. 40:967(F)(l)(a) and LSA-R.S. 40:966(B)(3), which both mandate the sentence be served at hard labor. Because the statutes mandate hard labor and there is no discretion allowed, it appears the trial judge’s failure to state that these sentences were to be at hard labor is harmless error and no corrective action is required.
 
 State v. Horton,
 
 09-250 (La.App. 5 Cir. 10/27/09), 28 So.3d 370, 376-77. Further, in this case, defendant’s sentences were ordered to be served concurrently with the 40-year manslaughter conviction in district court case number 04-4417, which was ordered to be served with the Department of Corrections.
 

 Also, the commitment reflects defendant pled guilty under LSA-R.S. 40:966(A) and describes the offense as “DIST/WITD” marijuana. Defendant factually pled guilty to possession with intent to distribute marijuana. We believe that that the commitment could suggest a distribution of marijuana conviction instead of a possession with intent to distribute marijuana conviction, and therefore we order the trial court to amend the commitment nunc pro tunc to properly reflect the offense for which defendant was convicted in order to prevent confusion,
 
 State v. Alexander,
 
 08-580, p. 10 (La.App. 5 Cir. 2/25/09), 8 So.3d 732, 738-39, and we direct the clerk of court to transmit the original of the minute entry to the officer in charge of the institution to which defendant has been committed.
 
 See State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 

 The commitment reflects defendant pled guilty to “POSS/WITD CDS OVER 28 GRAMS.” The commitment does not specify cocaine was the controlled dangerous substance in this matter, as is indicated in the transcript. Further, defendant pled guilty to possession of over 28 grams of cocaine, not possession with intent to distribute over 28 grams of cocaine. Also the proper grade of the offense is not accurately specified in the commitment. The statute provides the grade as “twenty-eight grams or more, but less than two hundred grams, of cocaine.”
 
 See
 
 LSA-R.S. 40:967(F)(l)(a). accordingly, we direct the district court to make an entry in the minutes reflecting the proper grade of offense, the offense was possession, not possession with intent to distribute, and the fact that the controlled dangerous substance involved in this matter was cocaine, and to transmit the original of the minute entry to the officer in charge of the institution to which defendant has been committed.
 
 See State ex rel. Roland v. State, supra.
 

 We also note that the trial court failed to restrict benefits when imposing defendant’s sentence under LSA-R.S. 40:967(F). LSA-R.S. 40:967(G) provides the following regarding the restriction of benefits:
 

 |12With respect to any person to whom the provisions of Subsection F are applicable, the adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for probation or parole prior to serving the minimum sentences provided by Subsection F.
 

 
 *391
 
 The minimum sentence under LSA-R.S. 40:967(F)(l)(a) is a five-year sentence. As such, it appears the sentence was required to be imposed without suspension of sentence and the first five years of the 30-year sentence was required to be served without benefit of probation or parole.
 
 See
 
 LSA-R.S. 40:967(F); LSA-R.S. 40:967(G). Under
 
 State v. Williams,
 
 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799, and LSA-R.S. 15:301.1(A), the “without benefits” provision is self-activating.
 
 State v. Esteen,
 
 01-879, pp. 29-30 (La.App. 5 Cir. 5/15/02), 821 So.2d 60, 78-79,
 
 writ denied,
 
 02-1540 (La.12/13/02), 831 So.2d 983, and therefore no corrective action is required on our part.
 

 Finally, we note that defendant received illegally lenient sentences regarding mandatory fines. Neither party raises this issue. Defendant pled guilty to possession of over 28 grams of cocaine. LSA-R.S. 40:967(F)(l)(a) requires that a mandatory fine of not less than $50,000 and not more than $150,000 be imposed.
 

 Defendant also pled guilty to possession with intent to distribute marijuana. LSA-R.S. 40:966(B)(3) provides for a mandatory fine of “not more than fifty thousand dollars.” This Court has held that a statute, providing for a fine of “not more than” a specified amount, does require a mandatory fine. However, this Court has noted that the matter is not free from doubt.
 
 State v. Kerlec,
 
 06-838, p. 8 (La.App. 5 Cir. 4/11/07), 957 So.2d 810, 815,
 
 writ denied,
 
 07-1119 (La.12/7/07), 969 So.2d 626. Our authority to correct an illegally lenient sentence, despite the fact that neither party has raised the issue below or on appeal, is permissive rather than mandatory.
 
 State v. Grant,
 
 04-341 (La.App. 5 Cir. 10/26/04), 887 So.2d 596. In the past, we have declined to correct an illegally lenient sentence when 113defendant is sentenced pursuant to a guilty plea,
 
 Grant, supra,
 
 and where the defendant is indigent,
 
 State v. Horton, supra.
 
 We decline to correct defendant’s sentence in this case.
 

 For the above discussed reasons, we affirm defendant’s conviction and sentence and remand this matter as discussed above. We also grant appellate counsel’s motion to withdraw as attorney of record in this case.
 

 AFFIRMED AND REMANDED; MOTION TO WITHDRAW GRANTED
 

 [1]
 

 . These sentences were imposed simultaneously with the manslaughter sentence in district court case number 04-4417, which was also affirmed on appeal.
 
 See State v. England,
 
 09-687 (La.App. 5 Cir. 3/9/2010), -So.2d-, 2010 WL 785993.
 

 [2]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11.
 

 [3]
 

 . The United States Supreme Court
 
 most
 
 recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins, 528
 
 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [4]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 [5]
 

 . Although the trial court did not say "at hard labor," only those individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections. LSA-R.S. 15:824(C);
 
 State v. Vance,
 
 06-452, p. 7 (La.App. 5 Cir. 11/28/06), 947 So.2d 105, 109 n. 3,
 
 writ denied,
 
 07-0152 (La.9/28/07), 964 So.2d 351.