CLARENCE E. MCMANUS, Judge.
 

 |2On July 1, 2004, defendant, Mark A. England, was indicted by a Jefferson Parish Grand Jury with second degree murder in violation of LSA-R.S. 14:30.1. After defendant’s motion to suppress statement was denied, the indictment was amended on March 8, 2007, to charge defendant with manslaughter in violation of LSA-R.S. 14:31. On this same date, defendant withdrew the not guilty plea to second degree murder and pled guilty to manslaughter. Defendant was sentenced to 40 years with the Department of Corrections, to run concurrent with the sentences imposed in district court case number 04-4418.
 
 [1]
 

 Thereafter, defendant filed an Application for Post-conviction Relief (APCR), raising claims regarding an unconstitutional guilty plea and ineffective assistance of counsel regarding the guilty plea, which was denied by the district court. On application to this Court, we found that the APCR was filed prematurely because defendant had failed to exhaust his appellate rights. This Court remanded the matter for defendant to have the opportunity to have his appellate rights reinstated. Pursuant to defendant’s second APCR, the district court granted defendant’s out-of-time appeal.
 

 
 *922
 
 IsFACTS
 

 Because defendant pled guilty without proceeding to trial, the facts of this case were taken from the indictment, as amended. On April 19, 2004, defendant killed Benny Goirl in violation of LSA-R.S. 14:31.
 

 LAW AND DISCUSSION
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990),
 
 [2]
 
 appointed appellate counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.
 
 [3]
 
 The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin,
 
 Dist. 1, 486 U.S. 429, 438-39, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 When conducting a review for compliance with
 
 Anders, an
 
 appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 In this case, defendant’s appellate counsel asserts that after a detailed review of
 
 *923
 
 the record, she could find no non-frivolous issues to raise on appeal and could find no ruling of the trial court that would arguably support the appeal. Specifically, appellate counsel provides that there is no ruling of the trial court to challenge. She contends that because defendant pled guilty to the charge and did not enter the plea under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976), there can be no appellate review of the ruling on his motion to suppress statement.
 

 | ¡Appellate counsel further notes that the trial court performed a complete colloquy to assure the plea was made with all constitutional considerations. She points out that she considered whether to raise the issue of excessiveness of sentence, but concluded such a claim would be frivolous because the sentence could not be considered constitutionally excessive. She notes that the court’s colloquy and the plea form signed by defendant and his counsel indicate that defendant was informed of and considered the 40-year sentence. She contends that defendant faced 80 years for manslaughter on a double multiple offender bill. Appellate counsel provides that with the plea agreement the State agreed to amend the charge from a mandatory life sentence for second degree murder and also agreed not to file a multiple offender bill of information.
 

 Appellate counsel has filed a motion to withdraw as attorney of record that states she has notified defendant of the filing of this motion and has advised him of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until October 2, 2009, to file a pro se supplemental brief.
 

 The State filed a response to appellate counsel’s brief, noting that the brief shows a complete and thorough recitation of the procedural history of the case and a detailed statement of facts pertinent to the conviction. The State concedes the trial court failed to articulate reasons for sentencing as provided by LSA-C.Cr.P. art. 894.1. However, the State suggests that based on the codal provisions and the jurisprudence there is no reason to remand on this issue. The State concludes that the record supports appellate counsel’s conclusion that there are no non-frivolous issues to raise on appeal, and requests that defendant’s conviction and sentence be upheld.
 

 [fiAn independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
 

 The indictment in this case, which originally charged defendant with second degree murder but was amended to charge defendant with manslaughter, properly charged defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies defendant and the crime charged.
 
 See
 
 generally LSA-C.Cr.P. arts. 464-466.
 

 As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea, and his sentencing. As such, defendant’s presence does not present any issue which would support an appeal.
 

 Further, defendant pled guilty as charged to manslaughter. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
 

 
 *924
 
 The record does reflect a ruling
 
 on
 
 defendant’s motion to suppress statement. However, the denial of defendant’s motion to suppress statement was not preserved for appeal under the holding in
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the |
 
 tBoykin
 

 [4]
 

 colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.
 
 Id.
 
 In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly.
 
 State v. Dixon,
 
 449 So.2d 463, 464 (La.1984).
 

 The record shows that defendant was aware he was pleading guilty to manslaughter. He was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant was advised of these rights by means of the Waiver of Constitutional Rights Plea of Guilty form (waiver of rights form). In the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood that he was waiving these rights by pleading guilty. Defendant was also advised of these rights during the colloquy with the trial court. Defendant indicated during the colloquy that he understood that he was waiving these rights. The commitment also reflects defendant was advised of his Boykin rights.
 

 Defendant further indicated that he was satisfied with the representation of his attorney. He stated that he had not been forced, coerced, or threatened to enter his guilty plea. He also indicated he was not promised anything in exchange for his plea. He indicated that he understood that by pleading guilty to the felony charge that his guilty plea could be used to enhance a penalty for any future felony conviction should he be convicted of another felony in the future.
 

 Defendant was also advised that with manslaughter he faced a possible sentencing range of up to 40 years imprisonment at hard labor, and was told that the sentence he would receive would be 40 years imprisonment at hard labor. | ^Defendant was also informed that no multiple bill would be filed. Defendant agreed that he understood the possible consequences of pleading guilty and wished to plead guilty.
 

 Further, defendant’s sentence does not present issues for appeal. “Whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years.”
 
 See
 
 LSA-R.S. 14:31(B). Defendant was sentenced to 40 years at hard labor for manslaughter. As such, defendant’s sentence fell within the sentencing range prescribed by statute. Further, his sentence was imposed pursuant to a plea agreement. Defendant knew what his sentence would be if he chose to plead guilty to manslaughter. Defendant received a sentence in conformity with the agreement. LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.
 
 State v. Washington,
 
 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
 

 
 *925
 
 We find that the proceedings surrounding defendant’s plea of guilty and his sentence do not present any non-frivolous issues to be raised on appeal. Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s conviction and sentence. We also grant appellate counsel’s motion to withdraw as attorney of record in this case.
 

 We have reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990), and note the following.
 

 Although the trial court did not say “at hard labor” when sentencing defendant, as reflected in the commitment, he did state defendant’s sentence was to | abe served in the “Department of Corrections.” Only those individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections. LSA-R.S. 15:824(C). Therefore, the matter need not be remanded for re-sentencing.
 
 See State v. Vance,
 
 06-452, p. 7 (La.App. 5 Cir. 11/28/06), 947 So.2d 105, 109 n. 3,
 
 writ denied,
 
 07-0152 (La.9/28/07), 964 So.2d 351.
 

 The commitment reflects that the 40-year manslaughter sentence would run concurrently with “any and all other sentences.” After reviewing the transcript, however, we find that the sentence was more specifically ordered to run concurrent with the sentences simultaneously imposed in district court case number 04-4418. The transcript prevails when there is a discrepancy between the commitment and the transcript.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983).
 

 Accordingly we remand this matter for correction of the commitment, and we direct the district court to make the entries in the minutes reflecting these changes and to transmit the original of the minute entry to the officer in charge of the institution to which the defendant has been sentenced.
 
 See
 
 LSA-C.Cr.P. art. 892(B)(2);
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 

 We also note that, while the commitment reflects that defendant was properly advised of the prescriptive period for filing post-conviction relief in accordance with LSA-C.Cr.P. art. 930.8, the waiver of rights form and the transcript reflect that defendant received an incomplete advisal. This Court has held that the failure to advise a defendant that the prescriptive period runs from the time his
 
 conviction and sentence
 
 become final is an incomplete advisal.
 
 State v. Grant,
 
 04-341, p. 5 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598 (emphasis as found in original). The transcript prevails when there is a discrepancy between the | incommitment and the transcript.
 
 Lynch,
 
 441 So.2d at 734. Therefore, we correct this error and inform the defendant in this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. art. 914 or 922.
 
 State v. Hill,
 
 09-89 (La.App. 5 Cir. 5/26/09), 15 So.3d 1042.
 

 For the above discussed reasons, we affirm defendant’s conviction and sentence, and remand this matter as discussed above. We also grant appellate counsel’s motion to withdraw as attorney of record in this case.
 

 
 *926
 

 AFFIRMED AND REMANDED; MOTION TO WITHDRAW GRANTED
 

 [1]
 

 . Defendant’s appeal in district court case number 04-4418 was also affirmed on appeal. See
 
 State v. England,
 
 09-746, (La.App. 5 Cir. 3/9/2010), 38 So.3d 383.
 

 [2]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11.
 

 [3]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [4]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).