HANS J. LILJEBERG, Judge.
^Defendant, Alfred Robinson, appeals his convictions and sentences for violations of La. R.S. 40:981.3. For the following reasons, we affirm defendant’s convictions and sentences, and we grant appointed counsel’s motion to withdraw as attorney of record.

PROCEDURAL HISTORY

Defendant was charged by bill of information with two counts of distribution of cocaine within 2,000 feet of a drug-free zone and one count of distribution of heroin within 2,000 feet of a drug-free zone, all in violation of La. R.S. 40:981.3. Defendant pleaded not guilty to the charged offenses at his arraignment.
Defendant later withdrew his pleas of not guilty and pled guilty as charged to all three counts. In accordance with the plea agreement, defendant was sentenced to 15 years imprisonment at hard labor on each of the three counts. Defendant’s sentences were ordered to be served concurrent with each other and concurrent with any other sentence defendant may have been serving at the time of |asentencing. The trial court also ordered defendant to fulfill the payment obligations set forth in the fines and fees schedule signed by defendant, which included a $500.00 fine.

FACTS

Because defendant’s convictions were the result of guilty pleas, and resolved without evidentiary hearings, the facts underlying the crimes of conviction are not fully developed in the record. Thus, the facts were gleaned from the recitation of facts presented by the State during the guilty plea colloquy:
On or about April 4th, 2014, the Defendant, Alfred Robinson was contacted by an undercover agent where he had indicated to the agent that he was looking to sell some “hard.” He then met with the undercover agent, which was recorded on video camera within 2,000 feet of a drug-free zone in the Parish of Jefferson where it is recorded that Mr. Alfred Robinson distributed crack cocaine to the undercover agent.
On April 9, 2014, the undercover agent contacted Alfred Robinson looking to purchase some “hard” and some “dog food,” which is street talk for heroin and crack cocaine. And then on that day Alfred Robinson wag on videotape within 2,000 feet of a drug-free zone distributing heroin and crack cocaine to the undercover agent within the Parish of Jefferson. He was then arrested pursuant to a warrant and charged with these three counts.

LAW AND DISCUSSION

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530-31 (La.App. 4 Cir.1990), appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.[1] Accordingly, *303 appointed counsel requests to withdraw as attorney of record.
|4In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
In the present case, defendant’s appellate counsel asserts that after a detailed review of the record, .she could, find no non-frivolous issues to raise on appeal. She contends that defendant was properly charged by bill of information, and he was present in court and represented by counsel at all stages of the proceedings. She asserts that no rulings were preserved for appeal under State v. Crosby, 338 So.2d 584 (La.1976). She avers that defendant accepted the terms of his plea agreement after being fully advised of his constitutional rights by the trial court. She contends that defendant’s sentences were the sentences he bargained for in the plea agreement and that he was sentenced in accordance with the plea agreement. Counsel further notes that defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
Appellate counsel has filed a motion to withdraw as attorney of record, in which she states that she has found no assignments of error to argue on defendant’s behalf and thus requests permission to withdraw. In her brief, appellate counsel also states that she has forwarded to defendant a copy of her brief, including her request for permission to withdraw.[2] The State has filed a response to appellate counsel’s brief, concurring in appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
*304 Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The record reveals that the bill of information properly charged defendant, as it plainly and concisely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged. See generally La. C.Cr.P. arts. 463-466. Also, as reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him, including arraignment, guilty plea proceedings, and sentencing. The record also shows that defendant filed several pre-trial motions, which were not ruled upon prior to the time defendant entered his guilty pleas. However, when a defendant |fidoes not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791, p. 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Thus, there were no rulings to preserve for appeal under the holding in State v. Crosby, supra.
Furthermore, the record does not reveal any irregularities in defendant’s guilty pleas. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
In the present case, during the guilty plea proceeding, defendant was informed in writing on the waiver of rights form and verbally by the trial judge that he was charged with and pleading guilty to- two counts of distribution of cocaine within 2,000 feet of a drug-free zone and one count of distribution of heroin within 2,000 feet of a drug-free zone. The State provided a factual basis for the offenses, and defendant agreed that he committed the offenses. Defendant was also informed of his Boykin[3] rights on the waiver of rights form and verbally by the trial judge, and he indicated that he understood he was waiving these rights.
During this proceeding, defendant stated that he had not been forced, coerced, or threatened to enter his guilty pleas. He indicated that he understood the [7possibIe legal consequences of pleading guilty and wished to plead guilty,at that time. He also indicated that he understood that, by pleading guilty, a future felony conviction could result in a multiple bill being filed against him.
Although defendant was told of the correct minimum sentence he faced and the sentences that would be imposed for the three offenses if his guilty pleas were accepted, he was incorrectly advised as to the maximum penalties he faced for the three offenses. Specifically, the trial court informed defendant that the total maximum possible sentence he faced was 135 years imprisonment when the maximum total sentence provided under the perti *305 nent statutes is actually 165 years.[4]
La.C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty and the maximum possible penalty. However, violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Campbell, 08-1226, p. 5 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1079, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842. The Louisiana Supreme Court has clearly held that the core Boykin constitutional requirements have never been extended to include advice with respect to sentencing. Id. In determining whether a violation of Article 556.1 is harmless, the inquiry is whether the defendant’s knowledge and Incomprehension of the full and correct information would have likely affected his willingness to plead guilty. Id.
In the present case, the failure to properly advise defendant of the total maximum sentence he faced was clearly harmless error. The record supports a finding that defendant knew the consequences of his guilty pleas, as well as the sentences he would receive, and conferred with his attorney before entering his guilty pleas. Nothing in the record suggests that defendant would have changed his pleas based on the advisal that he could be exposed to a higher maximum total sentence. Furthermore, the plea bargain was highly beneficial to defendant, as he received three 15-year concurrent sentences, which are far less than the statutory maximum for the charged offenses. The record demonstrates that defendant’s guilty pleas were constitutionally acceptable. Accordingly, although the trial court did not correctly advise defendant of the maximum sentence he could receive for the three charged offenses, this error does not present any issue for appeal.
Moreover, defendant’s sentences do not present any issues for appeal. His sentences were imposed pursuant to a plea agreement. Defendant knew what his sentences would be if he chose to plead guilty, and he rec'eived sentences in conformity with the agreement. La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement,' which was set forth in the record at the time of the plea. State v. Moore, 06-875, p. 15 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46. Further, defendant’s sentences fall within the sentencing ranges prescribed by the statutes. See La. R.S. 40:981.3(E); La. R.S. 40:966(B); La. R.S. 40:967(B)(4)(b).
Because appellant counsel’s brief adequately demonstrates by full discussion *306 and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record Insupports counsel’s assertion, we affirm defendant’s convictions and sentences, and we grant appellate counsel’s motion to withdraw as attorney of record.

ERRORS PATENT

Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. The following error was noted.
Defendant received an illegally lenient sentence, because the trial court did not impose the required fine for each count. Defendant was convicted of violations of La. R.S. 40:981.3—two counts of distribution of cocaine within 2,000 feet of a drug-free zone and one count of distribution of heroin within 2,000 feet of a drug-free zone. La. R.S. 40:981.3 provides as follows, in pertinent part:
E. (1) Whoever violates a provisions of this Section shall be punished by the imposition of the maximum fine and be imprisoned for not more than one and one-half times the longest term of imprisonment authorized by the applicable provisions of R.S. 40:966 through 970.
La. R.S. 40:967(B)(4)(b) provides that the maximum fine that may be imposed for distribution of cocaine is $50,000.00. La. R.S. 40:966(B)(1) provides that the maximum fine that may be imposed for distribution of heroin is also $50,000.00.
Hence, defendant faced a mandatory fine of $50,000.00 on each of his three counts for a total of $150,000.00. Because the trial court only imposed a $500.00 fine, defendant received an illegally lenient sentence.
The appellate court may correct an illegal sentence at any time regardless of whether either party raises the issue. See La.C.Cr.P. art. 882; Campbell, 08-1226 at 8, 15 So.3d at 1081. This authority is permissive |inrather than mandatory. State v. Cosie, 09-933, p. 11 (La.App. 5 Cir. 6/29/10), 44 So.3d 314, 321.
In the present case, defendant appéars to be indigent, as he is represented by the Louisiana Appellate Project. Accordingly, due to defendant’s indigent status, we decline to correct his illegally lenient sentences by imposing the required fines. See State v. Ventris, 10-889, p. 30 (La.App. 5 Cir. 11/15/11), 79 So.3d 1108, 1128, writ denied, 13-1532 (La.4/17/14), 138 So.3d 616; State v. England, 09-746, pp. 12-13 (La.App. 5 Cir. 3/9/10), 38 So.3d 383, 391, writ denied, 11-2658 (La.7/27/12), 93 So.3d 593. No other errors requiring corrective action were noted.

DECREE

For the foregoing reasons, we affirm defendant’s convictions and sentences, and we. grant defense counsel’s motion to withdraw as attorney of record.

AFFIRMED: MOTION TO WITHDRAW GRANTED

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by *303 the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11.

. This Court also sent defendant a letter by certified mail informing defendant that an Anders brief had been filed and that he had until January 27, 2015, to file a pro se supplemental brief. However, defendant has not filed a pro se supplemental brief with this Court.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Defendant was charged with two counts of distribution of cocaine within 2,000 feet of a drug-free zone and one count of distribution of heroin within 2,000 feet of a drug-free zone, violations of La. R.S. 40:981.3. La. R.S. 40:981.3(E) provides, in pertinent part:
(1) Whoever violates a provision of this Section shall be ... imprisoned for not more than one and one-half times the longest term of imprisonment authorized by the applicable provisions of R.S. 40:966 through 970.
For distribution of heroin, La. R.S. 40:966(B) provides that a defendant shall be sentenced to imprisonment' at hard labor for not less than five nor more than 50 years. Thus, under La. R.S. 40:981.3, defendant was exposed to a possible maximum sentence of 75 years. For distribution of cocaine, La. R.S. 40:967(B) provides that a defendant shall be sentenced to imprisonment for not less than two years nor more than 30 years. Thus, under La. R.S. 40:981.3, he was ex-posed to a possible sentence of 45 years on each count, for a total of 90 years. Accordingly, the maximum possible sentence defendant could have received for these three counts was 165 years.