CHEHARDY, C.J.
liOn appeal, defendant’s appointed appellate counsel has filed an Anders brief on defendant’s behalf, asserting there is no basis for a non-frivolous appeal. For the following reasons, we affirm defendant’s convictions and sentences.
Facts and Procedural History
Because defendant’s convictions were the result of guilty pleas, the facts underlying the crimes of conviction are not fully developed in the record. Thus, the following facts were gleaned from the testimony presented at the suppression hearing. According to Jefferson Parish Sheriffs officers, on December 3, 2014, Albert Stokes, Jr. was observed making hand-to-hand drug transactions in Jefferson Parish. Further, when officers attempted to arrest Stokes, he bumped an officer with his car, trapping the officer between two cars. Finally, a search revealed that Stokes had a firearm, specifically, a Rohm .22 caliber handgun, in his possession.
On January 23, 2015, the Jefferson Parish District Attorney filed a three-count bill of information charging Albert Stokes, Jr. in count one, with possession of a firearm by a convicted felon, a violation of La. *1028 R.S. 14:95.1; in count two, possession of cocaine,, a violation of La. R.S. 40:967(0); and in count three, resisting a police officer with the use.of violence or threats of violence, a violation of La. R.S. 14:108.2.
On December 7, 2015, defendant’s motions to suppress statement and evidence were denied. On February 2, 2016, defendant withdrew his pleas of not guilty, and after being advised of his Boykin rights, pled guilty as charged to all three counts. In accordance with the plea agreement, defendant was sentenced on count one to fifteen years at hard labor without benefit of probation, parole, or suspension of sentence; on count two, five years at hard labor; and on count three, three years at hard labor, to run concurrently.
laOn the same date, the State filed a multiple offender bill of information on count two, alleging defendant to be a third felony offender. Defendant stipulated to the multiple offender bill after being advised of his rights. The trial court then vacated defendant’s original sentence on count two and, pursuant to the multiple offender plea agreement, sentenced defendant as a third felony offender under La. R.S. 15:529.1, to ten years imprisonment at hard labor, without benefit of probation or suspension of sentence, to run concurrently to his other sentences.
Thereafter, defendant filed a pro se notice of appeal, which was granted by the trial court on March 23, 2016. Defendant’s appeal follows.
Anders review
Under the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-1 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by ‘“a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that | ^counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).
In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that *1029 an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 96-929, at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified t>y the court, or grant the motion and appoint substitute appellant counsel. Id.
Defendant’s appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. She avers defendant was adequately advised of his rights prior to pleading guilty to the underlying charges and stipulating to the multiple bill, ensuring a knowing and intelligent waiver of his rights. She notes that the trial court explained to defendant the statutory range of the penalties for |4his offenses and the sentences he would receive. Appellate counsel maintains defendant was sentenced in accordance with the plea agreements and did not object to the sentences or move for reconsideration, barring defendant from challenging his sentences on appeal.
Appellate counsel has filed a motion to withdraw as attorney of record, which states she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court which would arguably support an appeal. She further states that she has notified defendant of the filing of her motion to withdraw and has advised defendant of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until July 13, 2016, to file a pro se supplemental brief. As of the date of submission, defendant has not filed a brief with this Court.
The State responds that appellate counsel has shown a conscientious and thorough review of the procedural history of the case with references to the record. The State agrees that appellate counsel has “cast an advocate’s eye” over the record and has correctly determined there are no non-frivolous issues to raise on appeal. Accordingly, the State concludes that appellate counsel has conformed with and followed the procedures set forth in Anders and Jyles, supra, and should be granted permission to withdraw.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offenses. It also sufficiently identified defendant and the crimes charged. See generally La. C.Cr.P. arts. 464-466.
As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty Lplea proceeding, his sentencing, and his multiple bill proceeding, including his stipula *1030 tion and his enhanced sentencing. As such, defendant’s presence does not present any issues that would support an appeal.
The record also indicates that defendant filed various pre-trial motions, including motions to suppress, which were denied by the trial court. Defendant, however, failed to preserve these pre-trial rulings for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976).
Further, defendant pled guilty as charged to possession of a firearm by a convicted felon, possession of cocaine, and resisting a police officer with the use of violence or threats of violence. Additionally, defendant stipulated to being a third felony offender. If a defendant pleads guilty, he normally waives all nbn-jurisdic-tional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. State v. Schaefer, 97-465, p. 9 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
Importantly, our review of the record reveals no irregularities in defendant’s guilty pleas. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
The record shows that defendant- was aware he was pleading guilty to possession of a firearm by a convicted felon (a violation of La. R.S. 14:95.1), |fipossession of cocaine (a violation of La. R.S. 40:967(C)), and resisting a police officer with the use of violence or threats of violence (a violation of La. R.S. 14:108.2). Defendant was also properly advised of his Boykin rights. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant made an affirmative notation next to each of these rights and placed his signature at the end of the form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood that he was waiving these rights.
Defendant was also informed that his guilty pleas could be used to enhance a penalty for any future conviction. Defendant indicated that he understood |7the possible legal consequences of pleading guilty and confirmed that he had not been forced, coerced, or threatened into entering his guilty pleas. Further, defendant was informed during the colloquy and by the waiver of rights form of the sentencing ranges for the offenses and the actual penalties that would be imposed upon acceptance of his guilty pleas. After his colloquy with defendant, the trial judge accepted defendant’s guilty pleas as knowingly, intelligently, freely, and voluntarily made.
Moreover, a review of the multiple offender proceeding reveals that defendant was sufficiently advised of his multiple offender rights. The waiver of rights form, in conjunction with the colloquy between the trial judge and defendant, indicates that defendant understood that by stipulating to the allegations in the multiple offender *1031 bill he was giving up his right to plead not guilty, his right to a hearing, and his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a third felony offender and the actual sentence that would be imposed. Defendant indicated that he understood all the possible legal consequences of stipulating to the multiple bill and wished to stipulate to being a third felony offender. He further indicated that he was satisfied with the way his attorney and the court had handled his case and that he had not been forced, coerced, or threatened into stipulating to the multiple bill. His stipulation was accepted by the trial judge as knowingly, intelligently, freely, and voluntarily made. As previously noted, by stipulating to the multiple bill, defendant waived his right to a hearing and any possible non-jurisdictional defects were also waived. Defendant is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing when he waived the hearing. Schaefer, supra.
Lastly, defendant’s sentences do not present issues for appeal. His original sentences and his enhanced sentence fall within the sentencing ranges prescribed by statute. See La. R.S. 14:95.1; La. R.S. 40:967(C); La. R.S: 14:108.2; and La. R.S. 15:529.1(A)(3)(a).[3] Further, defendant’s original and enhanced sentences were imposed pursuant to, and in conformity with, the plea agreements. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time.of the plea. State v. Moore, 06-875, p. 15 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46; State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. This Court also has applied La. C.Cr.P. art. 881.2(A)(2) to cases in which a defendant admits to the allegations in a habitual offender bill |sof information as part of a sentencing agreement. State v. Robinson, 15-661 (La.App. 5 Cir. 2/24/16), 186 So.3d 1269.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and our independent review of the record supports counsel’s assertion, we affirm defendant’s convictions and sentences.
Errors Patent
Defendant also requests an error patent review, which this Court routinely per *1032 forms in accordance with La. C.Cr.P, art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5th Cir. 1990). We note that defendant’s sentence on count one is illegally lenient because the trial court did not impose the mandatory fine under La. R.S. 14:95.1, which mandates a fine of “not less than one thousand dollars nor more than five thousand dollars.”
Although this Court has the authority to correct an illegally lenient sentence at any time, even if the defendant has entered into a plea bargain and is negatively affected by the correction,[4] we decline to disturb this sentence as defendant is indigent. See State v. England, 09-746, pp. 12-13 (La.App. 5 Cir. 3/9/10), 38 So.3d 383, 391; State v. Horton, 09-250, p. 10 (La.App. 5 Cir. 10/27/09), 28 So.3d 370, 376; State v. McGee, 09-102, pp. 11-12 (La.App. 5 Cir. 9/29/09), 24 So.3d 235, 241-42.
Decree
For the foregoing reasons, we affirm defendant’s convictions for possession of a firearm by a convicted felon; possession of cocaine; and resisting a police officer with the use of violence. We further affirm his adjudication as a third felony offender. Furthermore, we affirm his sentences for possession of a firearm [ flby a convicted felon; resisting a police officer with the use of violence; and his enhanced sentence for possession of cocaine.
AFFIRMED.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. At the time the offenses were committed, a conviction under La. R.S. 14:95.1 carried a term of imprisonment at hard labor for not less than ten nor more than twenty years without the benefit of probation, parole, or suspension of sentence; a conviction under La. R.S. 40:967(C) carried a term of imprisonment with or without hard labor for not more than five years; and a conviction under La. R.S. 14:108.2 carried either a fine and/or a term of imprisonment with or without hard labor for not less than one year nor more than three years. Thus, defendant’s original sentences of fifteen years at hard labor for his felon in possession of a firearm conviction, five years at hard labor for his possession of cocaine conviction, and three years at hard labor for his resisting a police officer with the use of violence or threats of violence, fall within the sentencing ranges prescribed by the statutes. The term of imprisonment for a third felony offender shall be for “a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.” See La. R.S. 15:529.1(A)(3)(a). Thus, as a third felony offender, defendant was subject to a sentencing range of forty months to ten years of imprisonment for his enhanced sentence on his underlying possession of cocaine conviction. Having received a ten year enhanced sentence, defendant's enhanced sentence falls within the sentencing range prescribed by La. R.S. 15:529.1.

. State v. Campbell, 08-1226, p. 8 (La.App. 5 Cir, 5/26/09), 15 So.3d 1076, 1081, writ denied, 09-1385 (La. 2/12/10), 27 So.3d 842.